UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Mandell Kemp, *aka Travis Kemp*, formerly # 276921, | ) C/A No. 8:09-2756-TLW-BHH<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation**<br>) |
| Jerry Peace, Greenwood County Solicitor's Office; Jane H. Merrill, Solicitor, | )<br>)<br>) |
| Defendants. | )<br>) |

### *Background of this Case*

The plaintiff is a pre-trial detainee at the Greenwood County Detention Center in Greenwood, South Carolina. The "lead" defendant, Jerry Peace, is the Solicitor for the Eighth Judicial Circuit of South Carolina.[1] Jane Merrill is an Assistant Solicitor.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the plaintiff's pending criminal case in the Court of General Sessions for Greenwood County. The plaintiff contends that the defendants have violated his federal constitutional rights by failing to respond to his *pro se* motions[2] and discovery

---

[1]Abbeville County, Greenwood County, Laurens County, and Newberry County comprise the Eighth Judicial Circuit of South Carolina.

[2]It appears that the plaintiff is not aware that the Supreme Court of South Carolina has directed county clerks of court not to file *pro se* pleadings (other than a motion to relieve counsel) in cases where the litigant has counsel of record. *See State v. Stuckey*, 333 S.C.
(continued...)

1

requests, including a *Brady* motion,[3] filed in his criminal case. The plaintiff also alleges that Assistant Solicitor Merrill violated his rights by offering him plea deal of ten years (with service of 85 percent of the sentence). According to the plaintiff, he (the plaintiff) had until October 19, 2009, to accept the plea deal or she would "push for life." In his prayer for relief, the plaintiff seeks: judgment against defendant Peace in the amount of $500,000, dismissal of the criminal charges, and judgment in the amount of $500,000 against defendant Merrill.

*Discussion*

Under established local procedure in this judicial district, a careful review[4] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)

---

(...continued)
56, 508 S.E.2d 564 (1998); and *Koon v. Clare*, 338 S.C. 423, 527 S.E.2d 357 (2000).

[3]*See Brady v. Maryland*, 373 U.S. 83 (1963) (prosecutors must disclose exculpatory evidence to criminal defendants).

[4]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[5] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Although the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), is not applicable to the above-captioned case, *see Wallace v. Kato*, 549 U.S. 384 (2007), the above-captioned case is still subject to summary dismissal. Absent extraordinary

---

[5]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[6] *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc* 1976).

In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

---

[6]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992) ("However, *Taylor* is not the law in Texas."), *affirming Green v. State*, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

In any event, it is clear that the plaintiff has not exhausted his state remedies. If the plaintiff is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). If his direct appeal is unsuccessful, the plaintiff can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, *et seq*. (Westlaw 2009).

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).[7] South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See Davie v. State*, 381 S.C. 601, 675 S.E.2d 416 (2009); *Lounds v. State*, 380 S.C. 454, 670 S.E.2d 646 (2008) (finding that trial counsel ineffective); *Robinson v. State,* 380 S.C. 201, 669 S.E.2d 588 (2008)*; Lomax v. State*, 379 S.C. 93, 665 S.E.2d 164 (2008); *Miller v. State*, 379 S.C. 108, 665 S.E.2d 596 (2008); *McKnight v. State*, 378 S.C. 33, 661 S.E.2d 354, 358-63 (2008); *Lowry v. State*, 376 S.C. 499, 510-11, 657 S.E.2d 760, 766 (2008) ("Because the unconstitutional jury instruction did not constitute harmless error in Petitioner's murder conviction, we find that there is a reasonable probability that, but for counsel's failure to object to the unconstitutional jury instruction, the outcome of the trial would have been

---

[7]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearouse Advance Sheet # 19; and *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431 (2007) ("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.")(emphasis in original).

different."); *Staggs v. State*, 372 S.C. 549, 643 S.E.2d 690 (2007) (post-conviction relief granted on grounds of trial counsel's actual conflict of interest from representing members of same family; new trial ordered); *Custodio v. State*, 373 S.C. 4, 644 S.E.2d 36 (2007) (post-conviction relief granted on issue of enforcement of plea agreement); *Morris v. State*, 371 S.C. 278, 639 S.E.2d 53 (2006) (on issue of ineffective assistance of counsel); *Riddle v. Ozmint*, 369 S.C. 39, 631 S.E.2d 70 (2006); *Stevens v. State*, 365 S.C. 309, 617 S.E.2d 366 (2005); and *Vaughn v. State*, 362 S.C. 163, 607 S.E.2d 72, 73-76 (2004).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977). In an application for post-conviction relief, an applicant can raise issues relating to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999); and *Drayton v. Evatt*, 312 S.C. 4, 430 S.E.2d 517, 519-20 (1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel).

Since the plaintiff has two viable state court remedies, the *pro se* plaintiff does not meet the tests for a preliminary injunction or temporary restraining order enunciated in cases such as *WV Ass'n of Club Owners and Fraternal Services, Inc. v. Musgrave*, 553 F.3d 292 (4th Cir. 2009) (reversing grant of preliminary injunction); *Wetzel v. Edwards*, 635 F.2d 283, 287 (4th Cir. 1980); *North Carolina State Ports Authority v. Dart Containerline*

*Company*, 592 F.2d 749, 750-53 & n. 3 (4th Cir. 1979); *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig*, 550 F.2d 189, 193 (4th Cir. 1977); and *Airport Comm. of Forsyth Co., N.C. v. Civil Aeronautics Board*, 296 F.2d 95, 96 (4th Cir. 1961)(*per curiam*).[8] The four factors to be considered are: *(1)* whether plaintiff will suffer irreparable injury if interim relief is denied; *(2)* the injury to the defendant if an injunction is issued; *(3)* the public interest; and *(4)* plaintiff's likelihood of success in the underlying dispute between the parties.

Insofar as their actions in the plaintiff's criminal case are concerned, Solicitor Peace and Assistant Solicitor Merrill are entitled to summary dismissal because of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const. Art. V, § 24 (Westlaw 2009); and S.C. Code Ann. § 1-7-310 (Westlaw 2009). Solicitors, who are elected by voters of a judicial circuit, hire and "fire" Assistant Solicitors. *Anders v. County Council for Richland County*, 284 S.C. 142, 325 S.E.2d 538, (1985). Prosecutors, such as Assistant Solicitor Merrill and Solicitor Peace, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 172 L.Ed.2d 706, 129 S.Ct. 855 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Moreover,

---

[8]The United States Court of Appeals for the Fourth Circuit reviews grants or denials of motions for preliminary injunction under an abuse of discretion standard. *See East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); and *Micro Strategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) ("We review the grant or denial of a preliminary injunction for abuse of discretion, recognizing that 'preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances.'").

prosecutorial immunity will extend to the direct appeal and the post-conviction case. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger*, 772 F.2d 308, 314-15 & n. 7 (7th Cir. 1985); and *Houston v. Partee*, 978 F.2d 362, 365-69 & nn. 3-4 (7th Cir. 1992).

The plaintiff cannot obtain release from jail or dismissal of the criminal charges as relief in this civil rights action. *Myers v. Pauling*, No. 95-820, 1995 U.S.Dist. LEXIS 7628, 1995 WL 334284 (E.D. Pa., June 2, 1995) ("Release from prison is not a remedy available under 42 U.S.C. § 1983.").

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The two defendants are immune from suit because of prosecutorial immunity. Since the plaintiff seeks $500,000 in damages from each defendant, this case is encompassed by 28 U.S.C. § 1915A(b)(2).

Hence, I also recommend that the above-captioned case be deemed to be a "strike" for purposes of the "three-strikes" rule of 28 U.S.C. § 1915(g).

                                                            s/Bruce Howe Hendricks
                                                            United States Magistrate Judge

October 28, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the Notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).